NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: EVANDER FRANK KANE,

Debtor,

_____

CENTENNIAL BANK, an Arkansas state chartered bank,

Plaintiff-Appellant,

v.

EVANDER FRANK KANE,

Defendant-Appellee.

No. 22-16282

D.C. No. 3:21-cv-04597-WHO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted November 13, 2023**
San Jose, California

Before: GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Centennial Bank ("Centennial") moved to dismiss Evander Kane's

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

bankruptcy case under 11 U.S.C. § 707(b)(1).  The bankruptcy court denied the motion after determining that Kane did not have "primarily consumer debts."  11 U.S.C. § 707(b)(1).  The district court affirmed, and Centennial appealed.  We affirm.[1]

A debtor has "primarily consumer debts" within the meaning of § 707(b)(1) if "more than half . . . of the dollar amount [he owes] is consumer debt."  *Zolg v. Kelly* (*In re Kelly*), 841 F.2d 908, 913 (9th Cir. 1988).  A loan is a "consumer debt" if it was incurred "primarily for a personal, family, or household purpose."  11 U.S.C. § 101(8).  Centennial argues that the bankruptcy court erred in concluding that four of Kane's loans—from Centennial, Zions, Professional Bank, and South River Capital—were not "consumer debts."  If these four loans are consumer debts, Kane would have "primarily consumer debts."

Whether a loan is a consumer debt is a mixed question of law and fact, and our standard of review depends on whether the relevant inquiry was primarily legal

---

[1] Kane argues that this appeal is equitably moot.  The doctrine of equitable mootness allows courts to refrain from considering an appeal of a bankruptcy court's decision when granting relief in response to that appeal would require unwinding transactions that are "so complex or difficult to unwind" that it would be inequitable to do so.  *Rev Op Grp. v. ML Manager LLC* (*In re Mortgs. Ltd.*), 771 F.3d 1211, 1215 (9th Cir. 2014) (quoting *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 880 (9th Cir. 2012)).  Here, because we do not believe relief is warranted even when all of Centennial's arguments are considered, we need not engage in an equitable mootness analysis.  *See Grasslawn Lodging, LLC v. Transwest Resort Props., Inc.* (*In re Transwest Resort Props., Inc.*), 801 F.3d 1161, 1167–68 (9th Cir. 2015).

2

or primarily factual. *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018). Here, the bankruptcy court's analysis mostly involved marshaling and weighing the existing evidence, so its decision was primarily factual, and we review it for clear error. *See Aspen Skiing Co. v. Cherrett* (*In re Cherrett*), 873 F.3d 1060, 1067 (9th Cir. 2017) (applying clear error review rather than de novo review because "the bankruptcy court's weighing of [the debtor's] multiple motives for incurring the [loan in question] was primarily a factual, rather than legal, inquiry").[2]

As the bankruptcy court noted, Centennial offered "essentially no evidence" regarding the purpose of the four loans at issue. There was evidence that the four loans were used to pay off other loans, but there was no evidence as to the purpose of those original loans. Given this limited evidence, the bankruptcy court looked to other facts in the record to determine the nature of the four loans. The court considered the fact that the four loans were used to pay off older, higher interest

---

[2] Centennial argues that we should review de novo because it is undisputed that Kane incurred the four loans to make payments on other, older loans and, as a matter of law, debt incurred for the "purpose of paying off other debt and staying current" is categorically consumer debt. But we have previously rejected bright-line rules for categorizing various kinds of debt as consumer debt. *In re Cherrett*, 873 F.3d at 1067 ("We have never . . . held that debts used to purchase homes are consumer debts as a matter of law."). And we have said that "it is appropriate to consider all the circumstances indicative of the debtor's primary purpose" in deciding whether a debt is a "consumer debt." *Id.* at 1068.

loans, suggesting that Kane did not use the four loans for "consumption," but rather for improvement of his economic position. The court also considered the stated purpose on certain loan documents, the nature of the loan arrangements, and the relationship between certain loans and Kane's employment, none of which suggested that the loans were consumer debts. Given that evidence and the lack of more definitive evidence, the court did not clearly err in deciding that, on this record, the best conclusion is that the four loans do not reflect consumer debts.

Centennial argues that the court should have held the lack of more definitive evidence against Kane. Centennial and Kane agree, however, that the party moving to dismiss under § 707(b)(1) bears the burden of proof, so Centennial was required to show by a preponderance of the evidence that Kane has primarily consumer debts. Centennial argues that, to meet that burden of proof, it was required only to make a prima facie showing, and the burden of persuasion then shifted to Kane. Centennial cites no Ninth Circuit precedent, nor precedent from any other circuit, establishing a burden-shifting framework. But even assuming that were the proper framework, Centennial failed to offer evidence regarding the purpose of the loans that could satisfy such an initial burden here.

**AFFIRMED.**

4